UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                      CRIMINAL ACTION

VERSUS                                                                             No. 12-175

ANTOINE BROOKS                                                          SECTION I

## ORDER

The Court is in receipt of *pro se* defendant Antoine Brooks' ("Brooks") filing,[1] requesting that the Court send him information to "help" him prepare to file a motion for compassionate release.[2] Brooks states that he "need[s]" to file such a motion "because [he] ha[s] some underlying health conditions" and there is "a COVID-19 outbreak" at FCI-Sandstone, where Brooks states he is incarcerated.[3]

Specifically, Brooks requests that the Court send to him:

1. Local or circuit rules to file such a motion?
2. A current copy of my docket sheet?
3. A form to file for in forma pauperis?
4. A list of court appearances that were transcribed?
   A. Plea agreement
   B. Plea hearing
   C. Sentencing memorandum
   D. Sentencing hearing
5. Costs for a copy of any/all court documents?[4]

As to the first of these requests, in order to file a motion for compassionate release, the Fifth Circuit has determined that the requirement that a defendant

---

[1] R. Doc. No. 102.
[2] *Id.*
[3] *Id.*
[4] *Id.* The Court interprets the request for "[c]osts for a copy of any/all court documents" as a request that Brooks not be charged with the costs of any court documents forwarded by the Court.

satisfy the administrative exhaustion requirement "is mandatory." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020). If Brooks intends to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) with the Court, he must first submit a request to the warden of the facility where he is incarcerated requesting compassionate release and then either permit thirty days to lapse after the receipt of that request by the warden or show that he has "fully exhausted all administrative rights to appeal," "whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Until Brooks has done so, the Court cannot consider his compassionate release on the merits.

The Court notes that Brooks may file a motion for compassionate release with the Court once he has satisfied the administrative exhaustion requirement without any cost. Therefore, Brooks need not file a motion to proceed *in forma pauperis* in order to move for compassionate release.

As to the remaining requests—for a current copy of the docket sheet in the above-captioned case, a list of his court appearances that were transcribed, and costs for a copy of all court documents—Brooks has not made a showing as to why such documents are required.[5] Typically, "[a] federal prisoner is not entitled to obtain copies of court records at [g]overnment expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (per curiam); *see also United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973) (per curiam) ("This Court has consistently held that a federal prisoner is not entitled

---

[5] *See id.* (providing no reason aside from compassionate release as to why such documents were being requested).

to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent."); *Bonner v. Henderson*, 517 F.2d 135, 135 (5th Cir. 1975) (per curiam) (same). This general principle notwithstanding, in certain cases "[a]n indigent defendant has a statutory right to free court documents when he can establish that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous." *United States v. Delgado*, No. 14-253, 2015 WL 1034241, at *2 (S.D. Tex. Mar. 10, 2015), *aff'd*, 668 F. App'x 603 (5th Cir. 2016), *as revised* (Sept. 15, 2016) (citing *United States v. MacCollum,* 426 U.S. 317 (1976); 28 U.S.C. § 753(f)); *see, e.g.*, 28 U.S.C. § 2250 (allowing for the production of documents at government expense to defendants pursuing relief pursuant to 28 U.S.C. § 2255). Brooks, however, "has no appeal pending, nor has he filed or attempted to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 or a petition for a writ of habeas corpus" in this Court. *Walker*, 424 F.2d at 278 (denying the defendant's request for documents at the government's expense). Nor would the documents Brooks requested bear on a potential motion for compassionate release.

Accordingly,

It is **ORDERED** that Brooks' request is **DENIED**.

New Orleans, Louisiana, October 28, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**